IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA LONDON-WALKER,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WALGREENS FAMILY OF COMPANIES,** | : | |
| *Defendant.* | : | **NO. 23-cv-2868** |

<u>**MEMORANDUM**</u>

**KENNEY, J.**                                                                                                              **October 4, 2023**

Plaintiff Barbara London-Walker ("Plaintiff") brings this suit asserting negligence against Defendant Walgreen Eastern Co., Inc., incorrectly named in the Complaint as Walgreens Family of Companies ("Defendant"). Presently before this Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon which Relief Can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7), to which Plaintiff did not file a Response. For the reasons set forth below, Defendant's Motion (ECF No. 7) will be granted. An appropriate Order will follow.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On or about December 23, 2016, Plaintiff went to Defendant's store located at 800 Lincoln Highway E., Coatesville, PA and allegedly tripped on a "defective wet, greasy mat" and suffered injuries. ECF No. 1 at 15 ¶ 6. On December 19, 2018, Plaintiff instituted this action in the Court of Common Pleas of Delaware County, Pennsylvania by filing a writ of summons. *Id.* at 1 ¶ 1. On January 9, 2019, Plaintiff's counsel emailed a copy of the writ to an adjuster with Sedgwick CMS, a claims administrator for Defendant. ECF No. 7-2 at 1.

The Court of Common Pleas entered a Notice of Proposed Termination on March 21, 2023

1

because Plaintiff had taken no further action. ECF No. 6 at 10. The Notice indicated that to prevent the case from being terminated Plaintiff must file a Statement of Intention to Proceed by April 20, 2023. *Id.* Plaintiff filed the Statement on April 17, 2023. ECF No. 1 at 19 ("Exhibit D"). On May 19, 2023, Plaintiff filed a praecipe to reissue the writ of summons. *Id.* Plaintiff served the writ on Defendant on May 30, 2023. ECF No. 1 at 1 ¶ 2. Plaintiff filed the Complaint on June 29, 2023. *Id.* ¶ 4. The Complaint was served on Defendant, via electronic filing, on June 29, 2023. *Id.* at 5 ¶ 5. Defendant moved to remove the action to federal court on July 27, 2023. ECF No. 1.

On August 21, 2023, Defendant filed the instant Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon which Relief Can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the statute of limitations has expired after Plaintiff waited four and a half years to serve the writ of summons. ECF No. 7. Plaintiff did not file a response.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). The Court will grant a motion to dismiss if the factual allegations do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)) (internal quotation marks omitted). To plead a facially plausible claim, the plaintiff must plead "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true the factual allegations contained in the complaint but disregards "rote recitals" of the elements of a cause of action, legal conclusions, and conclusory statements. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). In ruling on a motion to dismiss, the Court "'consider[s] only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

"In ruling on a 12(b)(6) motion, courts can and should reject legal conclusions, unsupported conclusions, unwarranted references, unwarranted deductions, footless conclusions of law, and sweeping legal conclusions in the form of actual allegations." *Bright v. Westmoreland Cty.*, 380 F.3d 729, 735 (3d Cir. 2004) (citation and internal quotation marks omitted). Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.    DISCUSSION

"For a suit to be timely, it must have been brought before the statute of limitations expires." *O'Meally v. City of Philadelphia*, No. 21-5677, 2022 WL 1172973, at *1 (E.D. Pa. Apr. 20, 2022). A defendant "may move to dismiss a suit based on an expired statute of limitations if, from the face of the complaint and the documents attached thereto, it is clear that the suit was not brought within the time set by the statute of limitations." *Id.* (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

Under 42 Pa. C.S.A § 5524(2), the applicable statute of limitations for negligence actions is two years from the time the cause of action accrued. In a personal injury negligence action, the

action usually accrues when the plaintiff is injured. *See Drelles v. Mfrs Life Ins. Co.*, 881 A.2d 822, 831 (Pa. Super. 2005); *see also Dubose v. Quinlan*, 173 A.3d 634, 642 (Pa. 2017). Because Plaintiff was allegedly injured on December 23, 2016, the statute of limitation period under Pennsylvania law would expire on December 23, 2018.

This case began in the Delaware County Court of Common Pleas on December 19, 2018, before its removal to federal court. Under the Pennsylvania Rules of Civil Procedure, a plaintiff may commence a civil action by filing either a praecipe for a writ of summons or a complaint. Pa. R. Civ. P. 1007. Generally, if the plaintiff files the writ before the statute of limitations expires, the original filing and any reissuances toll the statute of limitations. *Gussom v. Teagle*, 247 A.3d 1046, 1048 (Pa. 2021). Process of the writ of summons or complaint must be completed within thirty days after the issuance of the writ or filing of complaint. Pa. R. Civ. P. 401(a). If service is not completed within thirty days, the writ of summons may be reissued. Pa. R. Civ. P. 401(b)(1). A writ may be reissued any number of times. Pa. R. Civ. P. 401(b)(2). A reissued writ must be served within thirty days.[1] Pa. R. Civ. P. 401(b)(4).

In the past, plaintiffs abused the ability to reissue writs by filing a writ of summons, subsequently failing to serve defendants, and then repeatedly having the writ reissued. *See Gussom*, 247 A.3d at 1048; *McCreesh v. City of Philadelphia*, 888 A.2d 664, 665 (Pa. 2005). Such behavior was "technically compliant with the Rules of Civil Procedure, [but] nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims." *Gussom*, 247 A.3d at 1048 (quoting *McCreesh*, 888 A.2d at 665).

---

[1]    The Pennsylvania Rules of Civil Procedure provides thirty days for service within the Commonwealth, and differing time periods for service outside of the Commonwealth. Here, thirty days is appropriate because Defendant was served within the Commonwealth.

In *Lamp v. Heyman*, the Pennsylvania Supreme Court attempted to stop such behavior by holding that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." 366 A.2d 882, 889 (Pa. 1976) (the "*Lamp* rule"). The *Lamp* rule was refined in *Farinacci v. Beaver Cnty. Indus. Dev. Auth.*, where the court held that "*Lamp* requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action" and that plaintiffs carry the burden of proving that they made a good-faith effort to ensure that notice of the commencement of an action was served on the defendant. 511 A.2d 757, 759 (Pa. 1986).

Subsequently, in *McCreesh*, the Pennsylvania Supreme Court held that courts should "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." 888 A.2d at 674. Most recently in *Gussom*, the Pennsylvania Supreme Court held "that a trial court has the discretion to dismiss a complaint when a plaintiff fails to offer proof that she diligently attempted to serve process on a defendant in a timely manner and there is no evidence to indicate that the defendant had actual notice of the commencement of the action in the relevant time frame, regardless of whether the plaintiff acted or failed to act intentionally." 247 A.3d at 1048.

The Court finds that Plaintiff has not demonstrated that she acted in good faith and will, therefore, exercise its discretion and dismiss this action. Plaintiff has failed to respond to Defendant's Motion to Dismiss. Therefore, this Court has not been presented with evidence from Plaintiff that she engaged in a "good-faith effort" to "diligently and timely" serve Defendant before the writ or complaint expired. Rather, the evidence this Court has been presented with is as follows.

First, Plaintiff filed a writ of summons five years ago, on December 19, 2018—just days before the expiration of the statute of limitations. On January 9, 2019, Plaintiff's counsel emailed a copy of the writ to an adjuster with Sedgwick CMS, a claims administrator for Walgreens. But such an email does not amount to proper service under Pennsylvania law. Rule 400 of the Pennsylvania Rules of Civil Procedure provides that process must be served by the sheriff or a competent adult. Pa. R. Civ. P. 400(a). Pennsylvania courts have repeatedly found that communications with a defendant's insurance adjuster is not an adequate substitute for actual service of process, and that communication between a plaintiff and a defendant's insurance carrier does not qualify as a good faith attempt at service. *See Williams v. Shannon*, No. 2083 MDA 2019, 2021 WL 2029815, at *7–8 (Pa. Super. May 21, 2021) (finding plaintiff emailing a copy of the writ to the defendant's insurance carrier did not qualify as a good faith attempt at service as "corresponding with an insurance adjuster is simply not enough"); *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 798 (Pa. Super. 1999) ("It was the [defendants] who were being sued not their insurance company."); *Ferrara v. Hoover*, 636 A.2d 1151, 1153 (Pa. Super. 1994) (finding that communications with defendant's insurance adjuster was not an adequate substitute for actual service of process). Thus, with no evidence that the insurance carrier sent this information to Defendant, this Court cannot conclude that Defendant had actual notice of this action before the statutory period expired. *See Gussom*, 247 A.3d at 1048 ("there is no evidence to indicate that the defendant had actual notice of the commencement of action in the relevant time frame, regardless of whether the plaintiff acted or failed to act intentionally").

Moreover, Plaintiff failed to take any further action after filing the initial writ of summons in the case until a Notice of Proposed Termination was issued by the Court of Common Pleas on March 21, 2023. It took the Court of Common Pleas issuing this Notice to prompt Plaintiff to file

a praecipe to reissue the writ of summons on May 19, 2023 and eventually serve the writ of summons on Defendant on May 30, 2023. This pattern of delay and inaction, which is underscored by Plaintiff's failure to respond to this Motion, does not demonstrate a "good-faith effort" to effectuate notice of the action on Defendant. Rather, with this seven-year delay between the alleged negligence and when Defendant received notice of the action—with a five-year delay between when the initial writ was issued and when Defendant received notice—Plaintiff "substantially affected [Defendant's] ability to defend itself in [the] action as much of the evidence regarding the underlying events may have been destroyed in the intervening years." *Shearer v. Allstate Ins. Co.*, No. 18-3277, 2019 WL 1317635, at *4 (E.D. Pa. Mar. 22, 2019). Accordingly, this Court finds that Plaintiff's actions demonstrate a lack of good faith effort and an "intent to stall the judiciary machinery." *See McCreesh*, 888 A.2d at 674. Therefore, this Court will dismiss this case with prejudice.

## IV.   CONCLUSION

For the above reasons, Plaintiff has failed to demonstrate a "good-faith effort" and similarly, has demonstrated an "intent to stall the judiciary machinery." Accordingly, Defendant's Motion (ECF No. 7) is granted. An appropriate Order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**